IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| CHRISTOPHER HOLDER § | |
|     Plaintiff § | |
| § | |
| vs. § | CIVIL NUMBER: _____ |
| § | |
| § | |
| COOPER TIRE & RUBBER COMPANY § | |
|     Defendant § | |

## **ORIGINAL COMPLAINT**

COMES NOW, CHRISTOPHER HOLDER, Plaintiff herein, and for his Complaint against COOPER TIRE & RUBBER COMPANY, states, alleges, and says:

This country enacted disability laws to eliminate the prejudice and stereotypes that kept good applicants out of jobs simply because of disabilities. The Defendant ignored that mandate and denied Plaintiff reasonable accommodations for his disability -- Post-Traumatic Stress Disorder.

**JURISDICTION AND VENUE**

1. This case is brought pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. This Court has jurisdiction of this case according to 28 U.S.C. § 1331.

2. Venue is invoked pursuant to 28 U.S.C. § 1391.

**PARTIES**

3. The Plaintiff, Christopher Holder, is an adult resident of the United States of America.

4.      The Defendant, Cooper Tire & Rubber Company ("Cooper Tire"), is an organization organized and existing under the laws of the State of Delaware, and maintains its principal place of business in Arkansas at 3500 Washington Street, Texarkana, Arkansas. 71854. Defendant may be served with process upon its registered agent, CT CORPORATION SYSTEM, 124 West Capitol Avenue, suite 1900, Little Rock, AR 72201

### STATEMENT OF FACTS

5.      The plaintiff, Christopher Holder, began working as a Forklift Mechanic for Defendant Cooper Tire on May 28, 2014. Plaintiff's education, as well as his previous experience as a civilian contractor in Iraq and Afghanistan, and his service in the United States Marine Corps, made him well-qualified for this position.

6.      Plaintiff spent eight years a civilian contractor in Iraq and Afghanistan. During his time in the Middle East, Plaintiff saw and was involved in a great deal of active combat. After these tours, Plaintiff, like others serving in the Middle East, was diagnosed with Post-Traumatic Stress Disorder (PTSD). Plaintiff was generally able to manage his PTSD successfully with the use of medications. However, he still struggled at times with severe anxiety and nightmares.

7.      Although Plaintiff's PTSD medications generally helped control his severe anxiety and nightmares, he later developed a medical condition rendering his body unable to handle and process the harsh side effects of PTSD medications. He, therefore, stopped using the medications out of necessity.

7.      Though Plaintiff understandably prefers not to advertise his disability, he informed his supervisor at Cooper Tire, even though this is not required by law. Initially, because of his use of PTSD medications, Plaintiff did not believe that any accommodations were necessary for him to

perform his job, though he regularly sought counseling and other assistance for his disability during his time away from work.

8. Through a friend, Plaintiff learned about a management tool for PTSD that interested him greatly. He found out that talented service dogs had been trained to assist veterans with PTSD, with great success. These service dogs are trained to carefully observe their masters and to intervene and assist.  So successful are these dogs that they often prevent an anxiety attack before the person realizes the need themselves, and their mere presence lends a steadying and calming influence. Service dogs now are assisting those with PTSD, for these dogs can help prevent PTSD symptoms. Hoping a service dog might aid him in dealing with his PTSD, Plaintiff contacted the group "We Got Your Six."  Plaintiff acquired his own dog, Oakley, and had Oakley trained as a service dog.  Plaintiff and Oakley trained diligently under the guidance of We Got Your Six and Debra Enoch, and Oakley is now fully trained as a PTSD service dog.

9. Throughout this time period, Plaintiff had worked successfully for Defendant without any accommodations sought or offered.  However, on June 27, 2018, Plaintiff suffered a severe anxiety attack caused by his PTSD, which rendered him unable to work for a few days. Immediately upon his return, Plaintiff asked Defendant for an accommodation to allow him to bring Oakley to work with him as a way to accommodate his disability and prevent any episodes that might interfere with his ability to work.  Defendant denied his request, claiming that it would not consider such an accommodation, because it would "open up the floodgates." Defendant demanded medical records, so Plaintiff signed a form authorizing release of his medical records. Plaintiffs job performance, despite his days off, remained good.

10. Unfortunately, rather than engaging with Plaintiff in an interactive process in good faith, Defendant kept dodging his request for reasonable accommodation. When Plaintiff diligently

provided all the requested material and information, Defendant continually asked for more, again and again. These requests by Defendant were punitive, since Defendant had already obtained a medical authorization to obtain all these records. Defendant's requests were designed only to delay and obstruct the interactive process required by the ADA for reasonable accommodation requests, and constituted a constructive denial of Plaintiff's requested accommodations. By October 2018, Plaintiff had come to the realization that Defendant was not acting in good faith with regard to his request for accommodations and he filed a complaint with the Equal Employment Opportunity Commission. Because of a government shut-down, Plaintiff re-filed in January 2019.

11. Defendant's conduct in repeatedly delaying Plaintiff's request for accommodation made the work environment incredibly stressful for Plaintiff, exacerbating his PTSD and leading to much more severe panic attacks. Plaintiff worked diligently to overcome these episodes that were caused by Defendant's failure to honor its duty of accommodation, but Plaintiff did the best he could under the circumstances by obtaining additional stress counseling.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. The plaintiff timely filed a charge of discrimination to challenge the disability discrimination he suffered by Cooper Tire. The EEOC issued a right to sue letter which was received by Plaintiff on December 20, 2019, authorizing this civil action. All administrative prerequisites and conditions precedent have occurred or been performed.

## DISABILITY DISCRIMINATION

13. The Plaintiff is a qualified individual who has a disability, PTSD, and was regarded as having a disability. Under the ADA, as amended, Plaintiffs disability must be assessed without

regard to mitigating measures such as medication or his service dog. Plaintiffs disability interferes with major life activities by causing him severe anxiety and incapacitating depression. The Plaintiff was and is eminently qualified to serve as a Forklift Operator, but he has been and continues to be denied reasonable accommodations for his disability.  He had an actual disability and was also regarded as having a disability, based on the Defendants' perception that he is limited by his need for a service animal. Defendants' conduct of denying Plaintiff reasonable accommodations for his disability violated the Americans with Disabilities Act, which prohibits discrimination in employment on the basis of disability. See 42 U.S.C. 12 112(b). Defendant's conduct of repeatedly requiring more and more unnecessary documentation from Plaintiff, his counselor, and physician, also caused a breakdown of the ADA's interactive process for reasonable accommodations.

### INJUNCTIVE RELIEF

14.     Plaintiff requests an order affirmatively requiring Cooper Tire to allow Plaintiff's request for a reasonable accommodation for his PTSD disability, to wit, allowing Plaintiff to bring his service dog to his workplace as required by law.

15.     Plaintiff will be irreparably harmed if the requested injunctive relief is not granted.

16.     With regard to Plaintiff's ongoing bouts with PTSD and anxiety in the workplace, Plaintiff has no adequate remedy at law.

### DAMAGES

16.     The damages suffered by the plaintiff include lost wages and benefits, as well as compensatory damages for the injuries suffered at the hands of the Defendant, including, but not

limited to, mental anguish.

## PUNITIVE DAMAGES

17.     Because Defendant's discriminatory actions were committed intentionally, and for the purpose of denying Plaintiff's federally protected rights, Plaintiff is entitled to an award of punitive damages in an amount designed to punish Defendant, and to deter similar conduct in the future.

## RELIEF REQUESTED

18.     The plaintiff asks this court to enter judgment:

I.     Declaring that the acts and practices complained of in this Complaint are in violation of the Americans with Disabilities Act;

2.     Enjoining and permanently restraining these violations of law;

3.     Directing the Defendant to pay the Plaintiff actual and compensatory damages that he suffered, past and future;

4     Awarding Plaintiff pre-judgment interest on the amounts owed at the maximum rate allowed by law;

5.     Awarding Plaintiff punitive damages;

6.     Awarding Plaintiff the costs of this action, together with reasonable attorneys' fees and expert witness fees;

7.     Awarding plaintiff post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

8. Awarding plaintiff such other relief, legal or equitable, as may be warranted.

        Respectfully submitted,

        */s/ James L. Cook*
        James L. Cook; AR Bar No. 2001174
        MORGAN, COOK & BECK, L.L.P.
        3512 Texas Boulevard
        Texarkana, Texas 75503
        Telephone: (903) 793-5651 Telecopier: (903) 794-5651
        Email: jlcook@mcblawfirm.com

        ATTORNEYS FOR PLAINTIFF
        CHRIS HOLDER

## CERTIFICATE OF SERVICE

I, James L. Cook, hereby certify that on March 19, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and forwarded a copy of such to the all counsel vis CME/EDF.

        */s/ James L. Cook*

        James L. Cook